UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TIMMY RICARDO REGISFORD** | ) |
| | ) |
| | ) **COMPLAINT** |
| | ) **PLAINTIFF** |
| Plaintiff, | ) **DEMANDS JURY** |
| | ) **TRIAL** |
| | ) |
| -against- | ) |
| | ) Case No.:1:23-CV-5928 |
| | ) |
| **LYNN LOCKAMY** | ) |

Defendant,

Plaintiff, TIMMY RICARDO REGISFORD brings forth this Complaint for Declaration of Copyright Non-Ownership and other relief against Defendant, LYNN LOCKAMY and states the following:

## **PARTIES**

1. At all times hereinafter mentioned, Plaintiff, RICARDO "TIMMY" REGISFORD (hereinafter "TIMMY REGISFORD"/ "PLAINTIFF"), is a resident of the State of New York and a successful producer.

2. Plaintiff believes and, based upon such information and belief, alleges that Defendant, LYNN LOCKAMY (hereinafter "LYNN LOCKAMY"/ "DEFENDANT") is a resident of the State of New York.

1

## JURISDICTION AND VENUE

3. This action arises under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. Pursuant to 28 U.S.C. § 1338 this court has jurisdiction.

4. Venue of this action is proper in this judicial district pursuant to 28 U.S.C. 1391(c) and 1400 because one or more of the claims arose in this district. Defendant regularly conducts business within this district. Furthermore, a substantial part of the events giving rise to Plaintiff's claims arose in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. On or about January, 2010 Plaintiff produced/composed and Defendant wrote the original musical composition "*AT THE CLUB*" (hereinafter "Original Composition"). Such Original Compositon was published on November 8, 2010. Plaintiff and Defendant verbally agreed that each party would co-own the copyright of the Original Composition 50% each. Both Plaintiff and Defendant co-own the rights to the copyright in the Original Composition as co-authors, and has been registered with the United States Copyright Office with registration number PA2-417-189. (See Exhibit A).

6. In November 2021 a song entitled "*MAKE ME FEEL GOOD*" by Belter's Only, was released on Polydor, a record label in the United Kingdom, interpolated the Original Composition. As a result of the success of the Original Composition Universal Publishing UK entered into a publishing agreement with the Plaintiff

whereby Universal Publishing UK purchased 50% of Plaintiff's publishing rights in the Original Composition.

7. On October 2, 2006, the Defendant registered the composition "*IN THE CLUB*" with the US Copyright Office with registration number PAu003076991. "*IN THE CLUB*" is a different compositon and copyright registration than the Original Composition. (See Exhibit B).

8. Unbeknownst to Plaintiff and without his permission, on April 24, 2010 the Defendant registered a duplicate copyright registration of the "*IN THE CLUB*" with a new title of "*AT THE CLUB*" with the United States Copyright Office with registration number PAu003584566, as the Copyright Claimant and sole author, thereby claim 100% copyright ownership. (See Exhibit C).

9. Defendant is falsely claiming that the duplicate copyright registration is the Original Composition.

10. Due to the Defendant's duplicate copyright registration and claiming that she is the sole 100% copyright owner, Universal Publishing UK has put a hold on all royalty payments to Plaintiff.

11. Defendant has since falsely claimed that she is the 100% copyright owner of the Original Composition when she is in fact the 100% copyright owner of "*IN THE CLUB*". The Defendant only wrote the lyrics to the Original Composition and the Plaintiff produced and composed the underlying music, therefore 50/50 ownership.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT)**
**(BY PLAINTIFF AGAINST DEFENDANT)**

12. Plaintiffs re-allege and incorporate by reference every allegations set forth in the preceding paragraphs.

13. The Defendant claims that she wrote, produced and composed the Original Composition. Plaintiff vehemently denies that Defendant produced or composed the Original Composition.

14. An actual and substantial controversy therefore exists between Plaintiff and Defendant over the Original Composition that was produced and composed by Plaintiff, arising under copyright law, 17 U.S.C. Sections 106, 501 and 201(a).

15. Plaintiff desires a judicial determination: (1) that Defendant is the writer and not the producer or composer of the Original Compositon, therefore is a 50/50 co-owner of the copyright; and (2) that all copyright registrations (or any other registrations) that were filed by or on behalf of the Defendant in connection with the Original Composition that was produced and composed by Plaintiff be amended to add Plaintiff's name.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:

ON THE CLAIM FOR DECLARATORY JUDGMENT

1. For entry of a declaratory judgment declaring the following:

    (a) that the Defendant is the writer and not the producer or composer of the Original Composition, therefore is a 50/50 co-owner of the copyright in accordance with 17 U.S.C. Section 201(a);

(b) that all copyright registrations (or any other registrations) that were filed by or on behalf of the Defendant in connection with the Original Composition that was produced and composed by Plaintiff be amended to add Plaintiff's name;

2. For reasonable attorneys' fees in an amount to be proved at trial, in accordance with 17 U.S.C. Section 505.

3. For costs of suit herein incurred; and

4. For such other and further relief as the Court deems just and proper.

BODDIE & ASSOCIATES P.C.

 /s/ Corey D. Boddie
COREY D. BODDIE
Attorney No. (CB 1922)
Attorney for Plaintiff

Boddie & Associates, P.C.
40 Exchange Place
Suite 1800
New York, NY 10005
Office: (212)-480-7652
Fax: (646)-349-2933
Email: corey@boddieassoc.com