UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
TIMMY RICARDO REGISFORD,                                 :
                                                         :   **OPINION AND ORDER**
                                       Plaintiff,        :   **GRANTING INTERVENOR'S**
         v.                                              :   **MOTION TO DEPOSIT FUNDS**
                                                         :
                                                         :   23 Civ. 5928 (AKH)
LYNN LOCKAMY,                                            :
                                                         :
                                    Defendant.  :
------------------------------------------------------------------ X
ALVIN K. HELLERSTEIN, U.S.D.J.:

I grant Intervenor Broadcast Music, Inc.'s ("BMI") motion to deposit the entirety

of the disputed royalties with the Court, to discharge it from liability, and to dismiss it from this

case, but I deny its request to withhold costs and attorney's fees from these royalties.

### BACKGROUND

BMI is a performance rights organization that licenses rights to musical

compositions. ECF No. 70. Songwriters and music publishers contract with BMI to license users

and collect royalties for the public performance rights of their works. *Id.* BMI then distributes

these royalties to songwriters and music publishers based on their respective copyright

ownership share of the musical composition. *Id.*

On June 11, 2023, Plaintiff filed suit against Defendant, seeking a declaratory

judgment regarding the copyright ownership of a musical composition called "At the Club." ECF

No. 1. On January 26, 2024, Defendant filed a counterclaim against Plaintiff, seeking, *inter alia*,

a declaratory judgment as to the copyright ownership of "At the Club," "In the Club," and "Make

Me Feel Good." ECF No. 28. BMI has collected, and continues to collect, royalties for these

musical compositions, which, to date, consist of over $145,000. ECF No. 70. And BMI has

received inconsistent demands and competing claims from Plaintiff and Defendant regarding

1

these royalties, which BMI has been holding onto in connection with this dispute. ECF Nos. 70, 114.

On January 27, 2025, BMI filed a motion to intervene, ECF No. 61, which I granted on February 3, 2025, ECF No. 69. On February 4, 2025, BMI filed an interpleader complaint, ECF No. 70, which Defendant answered on March 25, 2025, ECF No. 108. This motion by BMI, to deposit the disputed royalties with the Court, less attorney's fees; to dismiss BMI from this action; and to discharge it from liability, followed.

## APPLICABLE LAW

Under Fed. R. Civ. P. 22, "interpleader is proper if the party requesting it is or may be exposed to double or multiple liability." *Wash. Electric Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993). "Accordingly, what triggers interpleader 'is a real and reasonable fear of double liability or vexatious, conflicting claims.'" *Id.* (quoting *Indianapolis Colts v. Mayor of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984)).

Fed. R. Civ. P. 67 "provides a place of safekeeping for disputed funds pending the resolution of a legal dispute." *Geismann v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018) (quoting *LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992)). "Rule 67 explicitly permits a party to deposit money 'whether or not that party claims any of it' and directs that the funds be held in accordance with other statutory provisions." *Geismann*, 909 F.3d at 541 (quoting Fed. R. Civ. P. 67(a)).

## DISCUSSION

"Normally an interpleader action is concluded in two stages," with the Court (1) initially determining that the interpleader action is appropriate and relieving the stakeholder from liability; and subsequently, (2) "adjudicating the adverse claims" of the parties. *N.Y. Life. Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983).

2

Here, I find that BMI's interpleader action is appropriate under Fed. R. Civ. P. 22, and thus, I discharge it from liability and dismiss it from this case. "[I]n order to assert rule interpleader, a traditional basis for subject matter jurisdiction must exist." *6247 Atlas Corp. v. Marine Ins. Co.*, Ltd., 155 F.R.D. 454, 465 (S.D.N.Y. 1994). And here, this stricture is satisfied, since this case arises under federal question jurisdiction. *See* ECF No. 1; 28 U.S.C. §§ 1331, 1338(a). Once "subject matter jurisdiction has been shown," all that Fed. R. Civ. P. 22 requires "is that the plaintiff may be exposed to double or multiple liability." *Metro. Life Ins. Co. v. Little*, 13 Civ. 1059 (BMC), 2013 U.S. Dist. LEXIS 116817, at *5 (E.D.N.Y. Aug. 17, 2013) (cleaned up). BMI has satisfied this requirement, too, since it has shown that both Plaintiff and Defendant have raised conflicting and competing claims to the same royalties, in their entirety, that BMI is holding onto, thereby subjecting BMI to a reasonable fear of double liability and litigation. *See* ECF Nos. 98, 114.

In opposition, Defendant proposes that BMI deposit half of the royalties with the Court, and pay the other half of the royalties to her. But since all of the withheld royalties are in dispute, I reject this contention. At this stage of the interpleader action, neither the Court, nor BMI, need to "analyze the merits of the claims because 'the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim.'" *Fidelity Brokerage Servs, LLC v. Bank of China*, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002) (quoting *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 953 (2d Cir. 1953)). Only after the royalties are deposited with the Court may I "adjudicat[e] the adverse claims" among the claimants. *N.Y. Life. Ins. Co.*, 700 F.2d at 95.

I deny, at this time, BMI's motion to deduct costs and attorney's fees from the sum of the disputed royalties it is holding onto. The decision to award attorney's fees in an interpleader action is left "to the sound discretion of the district court." *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965). "[C]ourts need not award attorneys' fees in interpleader

actions where the fees are expenses incurred in the ordinary course of business." *Metro Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 104 (E.D.N.Y. 2013) (quoting *Travelers Ins. Co. v. Estate of Garcia*, 00 Civ. 2130 (ILG), 2003 U.S. Dist. LEXIS 2828, at *12 (E.D.N.Y. Feb. 4, 2003)). Here, I cannot say that royalty disputes are not part of the ordinary course of business for a performance rights organization, such as BMI, since its essence is collecting royalties and ensuring that they are properly disbursed to the appropriate parties. Moreover, Defendant attests that her contract with BMI is silent as to whether BMI may recover legal fees in such a case. ECF No. 119. Accordingly, at this time, I decline to award BMI costs and attorney's fees.

## CONCLUSION

Based on the foregoing, I grant BMI's motion to deposit with the Clerk of Court the entirety of the disputed royalties that it is currently retaining in connection with this case, as well as additional royalties that become payable during the pendency of this matter; to discharge BMI from further liability; and to dismiss BMI from this action with prejudice. I decline, at this time, to award BMI costs and attorney's fees from the sum of the disputed royalties.

Within 14 days of the entry of this Opinion, BMI shall file, via ECF, a proposed order for my signature, consistent with this Opinion, and in accordance with the provisions of Local Civil Rule 67.1.

The Clerk shall terminate ECF No. 112.

SO ORDERED.

Dated:     May 6, 2025
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4