UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMMY RICARDO REGISFORD,<br><br>Plaintiff,<br><br>v.<br><br>LYNN LOCKAMY,<br><br>Defendant. | Case No.: 1:23-cv-5928-AKH |

### [~~PROPOSED~~] ORDER

Having granted Intervenor Broadcast Music, Inc.'s ("BMI") motion for leave to deposit the royalties with the Court, for discharge from liability, and for dismissal (*see* ECF No. 126), it is hereby **ORDERED, ADJUDGED**, and **DECREED** that:

1. Within twenty-one (21) days of the date of this Order, BMI, or its counsel, shall deposit with the Clerk of Court all royalties being withheld at that time (the "Current Royalties");

2. The Clerk of Court shall, as soon as practicable, deposit the Current Royalties into an interest-bearing account in the Disputed Ownership Fund, deduct from the income on the investment a fee consistent with that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office, and distribute income generated from the fund investments after the appropriate fee has been applied and tax withholdings have been deducted from the fund, in accordance with Federal Rule of Civil Procedure 67 and Local Civil Rule 67.1;

3. Upon deposit of the Current Royalties, BMI shall be and hereby is discharged from any and all liability in connection with the Royalties;

4. On a bi-annual basis, while this action remains pending, BMI, or its counsel, shall deposit with the Clerk of Court any additional royalties that cannot be distributed because of the parties' dispute (the "Future Royalties," and together with the Current Royalties, the "Royalties");

5. The Clerk of Court shall, as soon as practicable, deposit the Future Royalties into an interest-bearing account in the Disputed Ownership Fund, deduct from the income on the investment a fee consistent with that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office, and distribute income generated from the fund investments after the appropriate fee has been applied and tax withholdings have been deducted from the fund, in accordance with Federal Rule of Civil Procedure 67 and Local Civil Rule 67.1;

6. The Claimants shall jointly provide written notice to BMI as to the final disposition of this action, their respective ownership shares in each of the disputed works ("At the Club," "In the Club," and "Make Me Feel Good"), and the tax liability for the Royalties that should be assigned to each Claimant so that BMI can update its database accordingly and update its tax records, if necessary;

7. Once this joint written notice is provided, BMI shall (a) stop depositing the royalties with the Clerk of Court and (b) distribute the royalties, on a going-forward basis, to the Claimants according to the final disposition of the ownership shares for each disputed work as set forth in the joint written notice;

8. Plaintiff Timmy Ricardo Regisford and Defendant Lynn Lockamy (together, the "Claimants") are hereby permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands, or causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against BMI, arising out of or in connection with the Royalties; and

9. BMI shall be, and hereby is, dismissed from this action with prejudice, and any and all claims asserted against BMI, or that could have been asserted, are hereby dismissed with prejudice.

Dated: New York, New York
_May 20_, 2025

_____
Hon. Alvin K. Hellerstein
United States District Judge