UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TIMOTHY RICARDO REGISFORD,

                              Plaintiff

                - against -

LYNN LOCKAMY,

                           Defendant.

                                         **OPINION AND ORDER**
                                         **GRANTING THIRD-**
                                         **PARTY DEFENDANTS'**
                                         **MOTION TO DISMISS**
                                         **THIRD-PARTY**
                                         **COMPLAINT**

------------------------------------------------------------------X

------------------------------------------------------------------X

LYNN LOCKAMY,

                        Third-Party Plaintiff                      23 Civ. 5928 (AKH)

                - against -

UNIVERSAL MUSIC GROUP, INC., POLYGRAM
PUBLISHING, INC., UNIVERSAL MUSIC
OPERATIONS LIMITED, UNIVERSAL MUSIC
PUBLISHING LIMITED, POLYDOR LIMITED
a/k/a POLYDOR RECORDS a/k/a UNIVERSAL
POLYDOR, and BELTERS ONLY
PRODUCTIONS LIMITED,

                        Third-Party Defendants.

------------------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Third-Party Defendants PolyGram Publishing ("PolyGram") and Universal Music Group,

Universal Music Operations, Universal Music Publishing, Polydor and Belters Only Productions

(collectively "the Universal Defendants") move to dismiss Defendant Lynn Lockamy's Third-

Party Complaint.[1] Because the statute of limitations has run, and for other reasons discussed

below, I grant their motion.

---

[1] Only PolyGram and the Universal Defendants moved to dismiss Lockamy's impleader
complaint, since the remaining entity, Tribe, was dismissed from this action. *See* ECF No. 117.
But the bases enumerated for dismissal under Fed. R. Civ. P. 12(b)(6) in this section are also
applicable to Tribe and any individual defendants that might be substituted in its place.

## BACKGROUND

In the underlying complaint, Plaintiff Timmy Ricardo Regisford sued Lockamy for a declaratory judgment. He claims that he and Lockamy, as co-owners, registered the song, "At the Club," on November 8, 2010; that Belters Only Production, Ltd., through Polydor Records, "interpolated" the song into the commercially successful song "Make Me Feel Good;" that Polydor's affiliate, Universal Publishing UK, bought half of Regisford's 50% ownership share (*i.e.*, 25 % of the total rights in "At the Club"); that Lockamy has made claim to the entire ownership of "At the Club," citing her prior registered copyright of April 24, 2010 of that song, even though her 2010 copyright was, in reality, a copy of her 2006 copyright for a different song, "In the Club;" and that Universal Publishing UK has put a hold on paying any due to Lockamy's claim.

Lockamy's Answer, in contrast, alleges that she wrote the lyrics and composed the melody to both "In the Club" and "At the Club," that she properly registered herself as the 100% owner of both songs, that Regisford registered himself as the 50% owner of "At the Club" without her authorization, and that his claim for royalties infringes on her copyright. She alleges also that the song "Make Me Feel Good" includes her lyrics and melody, and features her voice.

Lockamy's Counterclaim embellishes on her Answer. She alleges that she composed and copyrighted the 2006 song, "In the Club;" that she added a verse and, in April 2010, copyrighted the edited song, "At the Club;" that she sang an acapella version to Regisford, a disc jockey and record producer; that she rejected Regisford's remixed version and refused to give him rights to the derivative work; that nevertheless and without her authority, Regisford filed a copyright registration on November 8, 2010 for "At the Club," identifying both Lockamy and him as co-owners; that in March 2011, disregarding Lockamy's protest, his company, Tribe Records "Tribe"), published a record of the song and licensed others to perform it; and that Tribe identified Lockamy as the writer and performer, but refused to pay her royalties, telling her to

2

deal with Regisford as to the issue of royalties. Lockamy alleges that, in or around 2021, Belters Only remixed her "At the Club" song into a new composition entitled "Make Me Feel Good;" that Belters could have obtained that version only from Regisford; that the record has experienced "platinum" sales; and that Belters paid royalties only to Regisford, and not to Lockamy. Lockamy alleges also that Regisford sold 50% of the rights he did not have to the Universal Defendants, and that, on November 16, 2022, he again filed for copyright of "At the Club," identifying November 8, 2010 as the date of its first publication. Lockamy alleges that a database for royalty distribution lists those entitled to royalties for the Belters Only remix of "At the Club" as: Regisford for 31.25%, Belters Only (through Connor Bissett) for 6.5%, and Lockamy (misnamed as Lynn Evans Lockhart) for 12.5%. Lockamy seeks damages from, and an injunction against, Regisford and his record label, Tribe, and an accounting of their wrongfully-obtained damages.  She alleges direct and contributory infringements.

Lockamy's Third-Party Complaint, filed November 20, 2024, without leave of court, tracks essentially the same allegations with repetitions and more details.[2] She alleges that Belters Only is liable for direct and contributory infringements beginning in 2010. Specifically, Lockamy alleges that he appropriated her 2006 song, "In the Club," and created an unauthorized derivative work, "Make Me Feel Good," and that the song hit platinum in Ireland and the United Kingdom, and became a staple in the United States. She alleges that she complained to Belters Only of his infringement in March 2011, but that the infringements continued. No further dates of infringement are alleged. Lockamy alleges that Universal Music Operations, Ltd. purchased Regisford's rights on February 7, 2022 and claimed copyrights to five versions of "Make Me

---

[2] Fed. R. Civ. P. 14(a)(1) provides that a "third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Here, Lockamy's Third-Party Complaint was filed 299 days after her answer, and she neither requested, nor obtained, the Court's leave prior to filing her third-party complaint.

Feel Good," and that Regisford then registered the copyright for "At the Club" on November 16,

2022, stating that it was first published November 8, 2010, twelve years earlier, and that he and

Lockamy co-owned the copyright.

Lockamy claims damages, and seeks an injunction and declaratory judgment against the

Third-Party Defendants, alleging claims for direct and secondary copyright infringement, an

accounting, declaratory judgment, and violations of the Digital Millenium Copyright Act

("DMCA") and New York Civil Rights Law §§ 50-51, which provide for a private right of action

for privacy violations.

## APPLICABLE LAW

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6),

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the complaint, I must "accept all

well-pleaded factual allegations in the complaint as true" and "construe all reasonable inferences

in the light most favorable to the plaintiff." *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d

Cir. 2020) (citation omitted).

## DISCUSSION

I dismiss Lockamy's Third-Party Complaint in its entirety, since it fails plausibly to state

a claim against the Third-Party Defendants for which relief may be granted.

Lockamy's copyright infringement complaints fail. A copyright infringement suit cannot

be brought "unless it is commenced within three years after the claim accrued." 17 U.S.C. §

507(b). "An ownership claim accrues only once, when 'a reasonably diligent plaintiff would

have been put on inquiry as to the existence of a right.'" *Kwan v. Schlein*, 634 F.3d 224, 228 (2d

Cir. 2011) (quoting *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992)). In contrast, "an

infringement action may be commenced within three years of any infringing act, regardless of *any* prior acts of infringement." *Id.* (emphasis in original). "Where, as here, the ownership claim is time-barred, and ownership is the dispositive issue, any attendant infringement claims must fail." *Id.* at 230; *see also Ortiz v. Guitian Bros. Music Inc.*, 07 Civ. 3897 (RWS), 2008 U.S. Dist. LEXIS 75455, at *6-7 (S.D.N.Y. Sept. 24, 2008) (when copyright ownership is not conceded, copyright ownership, as opposed to infringement, constitutes the gravamen of the complaint).

The crux of this action is the copyright ownership dispute between Regisford and Lockamy. Lockamy's claims for damages, an injunction and declaratory judgment all follow from this ownership dispute. And by Lockamy's own admission, she knew about this dispute for more than a decade before bringing this suit, for she alleges in her Third-Party Complaint that she gave notice to Tribe and Regisford, in March 2011, that she was the sole owner of the copyrights to "In the Club" and "At the Club," and that the derivative work, "Make Me Feel Good," was not licensed or authorized, ECF No. 52 at ¶ 33. *See Kwan*, 634 F.3d at 228 ("express assertion of sole authorship or ownership" constitutes the one-time accrual event of a copyright ownership claim). Thus, her direct and secondary infringement claims as to these songs are barred under the statute of limitations. Accordingly, I dismiss Lockamy's third-party infringement claims in their entirety.

PolyGram and the Universal Defendants also argue that Lockamy's impleaded claims predicated on the DMCA, 17 U.S.C. § 1202(a), for providing or distributing false copyright management information, are not cognizable. I agree. The DMCA defines "copyright management information" to include "the name of, and other identifying information about" the author or copyright owner of a work. 17 U.S.C. § 1202(c)(2)-(3). To plead a DMCA claim under § 1202(a), a plaintiff must plausibly allege double scienter, in that the "defendant knowingly provided false copyright information *and* that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement." *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir.

5

2018) (emphasis in original). But here, Lockamy has not done so. Her conclusory claims that "Belters Only and Universal have known that Lockamy was the exclusive owner of the copyrights in the Lockamy Compositions," and that they "knowingly provided, distributed and/or imported for distribution copyright management information about the Lockamy Compositions that is false," ECF No. 52 at ¶¶ 119-120, are insufficient to allege the double scienter that is required under § 1202(a). *See Michael Grecco Prods. v. Time USA, LLC*, 20 Civ. 4875 (NRB), 2021 U.S. Dist. LEXIS 140274, at *12 (S.D.N.Y. July 27, 2021). And her argument as to constructive notice fares no better. The DMCA allows for the substitution of constructive knowledge in place of actual knowledge only with respect to the second scienter requirement—knowledge that removal of copyright management information will "induce, enable, facilitate, or conceal an infringement"—and only for § 1202(b) violations, not for claims brought under § 1202(a). *Compare* 17 U.S.C. § 1202(b) *with* 17 U.S.C. § 1202(a); *see also Mango v. Buzzfeed*, 970 F.3d 167, 171 (2d Cir. 2020) (§ 1202(b) requires actual knowledge as to its first scienter prong, but only constructive knowledge as to its second scienter prong). Construing the double scienter requirement of § 1202(a) to permit constructive knowledge in place of actual knowledge would run afoul of well-established rules of statutory interpretation. *See, e.g., Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004); *Fischer v. United States*, 603 U.S. 480, 498 (2024).

Lockamy's claims under New York Civil Rights Law §§ 50-51, which create a statutory right of privacy as to an individual's name, portrait, picture or voice for advertising or trade practices, remediable through a private right of action, fail as a matter of law, since the statute "does not apply to works of literary and artistic expression." *Miczura v. Knowles*, Index. No. 162333/2014, 2015 N.Y. Misc. LEXIS 4560, at *3 (N.Y. Cnty. Sup. Ct. Dec. 10, 2015); *see also Foster v. Svenson*, 128 A.D.3d 150, 156-57 (N.Y. App. Div. 1st Dep't 2015) (works of art are excluded from the statutes' ambit).

Having dismissed Lockamy's substantive claims, I also dismiss Lockamy's claims for an accounting and declaratory judgment, which are not independent causes of action. *See Johnson v. Magnolia Pictures LLC*, 18 Civ. 9337 (VB), 2019 U.S. Dist. LEXIS 162173, at *7-8 (S.D.N.Y. Sept. 16, 2019); *Kahn v. Carlebach*, 19 Civ. 3855 (AMD), 2023 U.S. Dist. 96622, at *10 (E.D.N.Y. June 2, 2023).

## CONCLUSION

Based on the foregoing, I dismiss Lockamy's impleader complaint.

Counsel for Regisford and Lockamy shall appear for a telephonic status conference on Friday, September 5, at 10:00 a.m. A scheduling order providing the dial-in information for this conference will issue separately.

The Clerk of Court shall terminate ECF Nos. 139 and 141.

SO ORDERED.

Dated:     August __, 2025
           New York, New York

                                    ALVIN K. HELLERSTEIN
                                    United States District Judge