UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TIMOTHY RICARDO REGISFORD,            :
                   Plaintiff        :   **ORDER DENYING**
                                                                             :   **DEFENDANT'S**
      - against -        :   **MOTION FOR**
                                                                                 :   **RECONSIDERATION**
LYNN LOCKAMY,            :
                   Defendant.        :
------------------------------------------------------------------X
------------------------------------------------------------------X
LYNN LOCKAMY,            :
                   Third-Party Plaintiff        :   23 Civ. 5928 (AKH)
                                                                                        :
      - against -        :
                                                                                                    :
UNIVERSAL MUSIC GROUP, INC., POLYGRAM        :
PUBLISHING, INC., UNIVERSAL MUSIC        :
OPERATIONS LIMITED, UNIVERSAL MUSIC        :
PUBLISHING LIMITED, POLYDOR LIMITED        :
a/k/a POLYDOR RECORDS a/k/a UNIVERSAL        :
POLYDOR, and BELTERS ONLY        :
PRODUCTIONS LIMITED,            :
                   Third-Party Defendants.        :
------------------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      I deny Defendant Lynn Lockamy's motion for reconsideration of my August 25, 2025 Opinion and Order granting the Third Party Defendants' motion to dismiss Lockamy's third-party complaint (ECF No. 171).

      "A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Facebook Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 374 (S.D.N.Y. 2014). Moreover, "the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied

1

unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 41 (2d Cir. 2012).

Here, Lockamy fails to meet these strictures. Instead, she argues issues raised—and rejected—in her opposition to the previous motion to dismiss the third-party complaint. As a threshold matter, Lockamy filed her third-party complaint 299 days after she filed her answer, and without leave of court. *See Regisford v. Lockamy*, 23 Civ. 5928, 2025 U.S. Dist. LEXIS 164716, at *5, n.2 (S.D.N.Y. Aug. 25, 2025); Fed. R. Civ. P. 14(a)(1) (defendant may not file third-party complaint more than 14 days after serving answer without leave of court). This alone is a sufficient ground to dismiss Lockamy's third-party complaint. *See, e.g., Jaigobind v. Carapezzi*, 22 Civ. 1099, 2024 U.S. Dist. LEXIS 121814, at *15 (D. Conn. July 11, 2024); *Office Create Corp. v. 1st Playable Productions, LLC*, 23 Civ. 91, 2024 U.S. Dist. LEXIS 39799, at *5 (N.D.N.Y. Mar. 7, 2024).

On the merits, Lockamy's motion fails, too. As I explained in my Opinion, a copyright "ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right." *Regisford*, 2025 U.S. Dist. LEXIS 164716, at *6 (quoting *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011)); *see also* 17 U.S.C. § 507(b) (providing for a three-year statute of limitations after the accrual of a copyright claim). Here, by Lockamy's own admission, she first knew about this ownership dispute more than a decade ago, when she discovered that Regisford infringed on the copyright to the underlying composition without her permission, and when Lockamy took affirmative steps to demand that Regisford cease such infringements. Thus, since the ownership dispute arose a decade before Belters Only's subsequent infringement of the underlying composition in 2021, her copyright claims as to the Third-Party Defendants are time-barred, and thus are not cognizable. *See Regisford*, 2025 U.S. Dist. LEXIS 164716, at *6-8.

Accordingly, I deny Lockamy's motion for reconsideration.

2

The Clerk shall terminate ECF No. 176.

SO ORDERED.

Dated:   September 30, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge