UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TIMOTHY RICARDO REGISFORD,                            :
                                        Plaintiff     :       **ORDER DENYING**
                                                      :       **DEFENDANT'S**
                - against -                            :       **MOTION FOR**
                                                      :       **RELIEF FROM ORDER**
                                                      :
                                                      :
                                                      :       23 Civ. 5928 (AKH)
LYNN LOCKAMY,                                         :
                                        Defendant.    :
------------------------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Lynn Lockamy, Defendant and Counterclaim Plaintiff, moves for relief pursuant to Rule 60(b), Fed. R. Civ. P.   Lockamy and Plaintiff and Counterclaim Defendant Timothy Regisford entered into an oral settlement agreement at a conference held February 9, 2026.  The terms of the agreement were entered into the record, and both parties agreed to be bound by those terms, even though one or the other might desire further documentation.  I ordered the case dismissed (ECF 198), and the Clerk, pursuant to 17 U.S.C. § 508, advised the Register of Copyright that a final judgment was entered.

        According to their agreement, Lockamy agreed to pay $75,000 to Regisford as certain funds were released from escrow, and Regisford agreed to relinquish his claims to copyright interests in the songs at issue.  ECF 198.  The parties specifically expressed concern about the continued existence of third-party claims in the United Kingdom and the implications of the settlement agreement, and held private meetings about the wisdom of proceeding but, eventually, the parties entered into their agreement.  Lockamy had previously attempted to bring the third-party claims in this Court, but they were dismissed because the statute of limitations had run.  ECF No. 171.

Lockamy now has second thoughts. Through the hearsay statement of her lawyer, she claims that she didn't quite understand that third-party claims in the United Kingdom might affect her, and that she made a mistake to enter into the agreement with Regisford.

Rule 60(b) authorizes courts to grant relief from orders and judgments founded on mistakes, but the circumstances must be "exceptional," and particularly where there are settlements. "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Palladino v. JPMorgan Chase & Co.*, 807 F. Supp.3d 163, 171 (E.D.N.Y. 2025); *see also Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) ("When the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits, however, the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal."). Second thoughts about the wisdom of settling are not considered "mistakes," and "[w]hen a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect." *Andrulonis v. United States*, 26 F.3d 1224, 1235 (2d Cir. 1994) (citations omitted).

The implications of the settlement agreement were topics of private discussions between Lockamy and her lawyer, and she had to resolve her doubts before she could make an agreement. She cannot blame her lawyer for alleged misunderstandings. *Nemaizer*, 793 F.2d at 62 ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment.").

I deny Lockamy's motion for relief. The Clerk of Court shall terminate ECF No. 205.

SO ORDERED.

Dated:     May 4, 2026
           New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge