UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TIMOTHY RICARDO REGISFORD,                          :
                                    Plaintiff       :        **ORDER DENYING**
            - against -                             :        **MOTION FOR**
                                                    :        **ATTORNEYS' FEES**
                                                    :
                                                    :
                                                    :        23 Civ. 5928 (AKH)
LYNN LOCKAMY,                                       :
                                    Defendant.      :
-------------------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Universal Music Group, Inc., PolyGram Publishing, Inc. ("PolyGram"), Universal Music Operations Limited, Universal Music Publishing Limited, Polydor Limited and Belters Only Productions Limited's (collectively, "Universal Defendants") filed a motion seeking an award of attorneys' fees under 17 U.S.C. § 505. For the following reasons, I deny the motion.

On July 11, 2023, Plaintiff and Counterclaim Defendant Timothy Regisford filed suit against Defendant and Counterclaim Plaintiff Lynn Lockamy. Lockamy filed an answer and counterclaims against Regisford on January 26, 2024. The dispute concerned the ownership of the copyrights of several songs, which Lockamy claimed she solely owned. On November 20, 2024, Lockamy filed a third-party complaint against the Universal Defendants and Tribe Records Limited. ECF No. 52. The Universal Defendants filed motions to dismiss the third-party complaint on May 13, 2025, and I granted stay of discovery pending resolution of the motions. On August 25, 2025, I granted the motions and dismissed the third-party complaints in their entirety, finding that the claims were time-barred. ECF No. 171. The case then proceeded without the Universal Defendants and Tribe Records.

On February 9, 2026, Lockamy and Regisford entered into an oral settlement agreement at a conference before me, the terms of which were entered into the record. I ordered the case dismissed (ECF 198), and the Clerk, pursuant to 17 U.S.C. § 508, advised the Register of Copyrights that a final judgment was entered. ECF No. 198. I denied Lockamy's Rule 60(b) motion for relief from judgment on May 4, 2026. ECF No. 213. The Universal Defendants now seek attorneys' fees and costs for their expenses litigating the motions to dismiss.

Under Section 505 of the Copyright Act, "the court in its discretion may allow the recovery of full costs" and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Whether to award attorneys' fees to the prevailing party[1] is a matter of judicial discretion. However, in exercising that discretion, courts are guided by the factors articulated in *Fogerty v. Fantasy, Inc.*: the "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (internal quotation marks and citation omitted). The court may grant "substantial weight" to the reasonableness of a litigant's factual and legal positions. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 207-210 (2016). Considering each of these factors in turn, I deny the motion for attorneys' fees.

Lockamy's third-party claims were not frivolous or objectively unreasonable. "The mere fact that a defendant has prevailed 'does not necessarily mean that the plaintiff's position was frivolous or objectively unreasonable'" and "[t]o hold otherwise would establish a *per se* entitlement of attorney's fees whenever [issues pertaining to judgment] are resolved against a copyright plaintiff.... [This is not] a correct construction of the law." *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, No. 04 Civ. 2110, 2005 WL 1949487, at *3 (S.D.N.Y.

---

[1] There is no dispute that the Universal Defendants are prevailing parties under *Fogerty*, given the dismissal of all claims against them.

Aug. 11, 2005) (citations omitted).  While her claims were ultimately unsuccessful, Lockamy brought the claims against the Universal Defendants based on a good faith belief that she was entitled to legal relief.  Lockamy's arguments were not without legal support.  She argued that her claims were timely based on the 2021 release of "Make Me Feel Good" by the Universal Defendants.  This was not an unreasonable position.  Similarly, her arguments that "Make Me Feel Good" constituted a separate act of infringement were not frivolous or objectively unreasonable. These arguments, while I ultimately disagreed with them, were reasonable in light of the facts and the governing law.

Further, Lockamy's motivations to bring the suit against the Universal Defendants were not suspect.  The Universal Defendants argue that Lockamy's failing to pursue the claim until the success of "Make Me Feel Good" is improperly opportunistic.  While waiting to file a lawsuit until the defendant has commercial success may be cause for a finding of suspect motivation, such is not the case here.  The creation of "Make Me Feel Good" may have been a triggering factor in this litigation, but the creation of a new derivative work based on Lockamy's copyright, while ultimately untimely, was a valid reason to pursue litigation given her good faith belief that the claim was proper and timely.  Further, prior to the success of "Make Me Feel Good," the costs of pursuing litigation over these copyrights would have dwarfed any potential benefit.  To create a per se rule that litigants must pursue all potential infringement claims, even to their own financial detriment, would create an unworkable system that improperly benefits well-funded litigants. Additionally, the Universal Defendants' arguments that the timing around the first settlement discussions indicate suspect motivations is based on mere speculation, from which I will not derive ill intent.

Finally, the award of legal fees in this case would not further the purposes of the Copyright Act.  The Copyright Act aims "to 'encourage the production of original literary, artistic, and musical expression for the good of the public' " by "discouraging infringement as well as by

3

the successful defense of copyright infringement actions." *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 666 (S.D.N.Y. 2001) (quoting *Fogerty*, 510 U.S. at 524). Lockamy sought to protect her copyrights to the full extent of the law and did not advance frivolous or unreasonable positions in doing so. To reduce the recovery of an individual artist, who reasonably and zealously sought to protect her art, in order to pay the legal fees of large corporations does not advance the purposes of the Copyright Act.

Therefore, for the foregoing reasons, the motion for attorneys' fees and costs is denied. The Clerk of Court shall terminate ECF No. 200.

SO ORDERED.

Dated:      May 14, 2026
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4